**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 7 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EDWIN O. OGBOLU,

      Plaintiff-Appellant,

v.

LIEUTENANT McLEMORE; BOB
GUZIK,

      Defendants-Appellees.

No. 96-6275
(D.C. No. CIV-95-1944-C)
(W. Dist. Okla.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.

Plaintiff Edwin Ogbolu filed a civil rights complaint against defendant prison officials alleging that they violated the Eighth Amendment to the U.S.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Constitution by placing him in segregation without provocation or due process and by confining him in a cold, wet, and drafty cell. Defendants filed a motion for summary judgment, which the district court granted. Mr. Ogbolu appeals only on the ground that the conditions of confinement in the solitary cell were unsanitary and subhuman.

A review of Mr. Ogbolu's complaint establishes that his entire criticism about the state of his cell was as follows:

> "The isolation cell was cold, wet and drafty. . . . Plaintiff showered in the cell and because there was no shower curtain the water spilled over to the floor. Plaintiff asked to have the wet floor cleaned but the officers ignored the request or did not care."

Complaint at 2. Defendants responded with a motion for summary judgment, attaching documents directed primarily at the propriety of placing Mr. Ogbolu in segregation, an issue he does not contest on appeal. Defendants also provided documentation that Mr. Ogbolu was in segregation for only two days. In his response to the summary judgment motion, Mr. Ogbolu expanded his complaint about his cell to this:

> "The solitary confinement cell was damp, wet, unsanitary with dirty mangled hair all over the floor as a result of malfunctioning shower stand. Petitioner was given only one blanket which had to be used to absorb soggy water from the overflowing shower and further as a cover because the guards refused to give petitioner a clean blanket, the guards also refused to clean the floor or allow petitioner access to a mop to clean the floor."

Petitioner's Response to Government Brief at 4. Petitioner conceded he "was faced with a damp cell and not a freezing one." Id. The magistrate judge concluded that these alleged conditions for such a short period of time did not rise to the level of a constitutional violation, and recommended that summary judgment be granted to defendants.

Having failed to convince the magistrate judge of the inhumanity of his temporary conditions, Mr. Ogbolu expanded his complaint even further in his objections to the magistrate's recommendation. He added an assertion, without verification, that he "was forced to live with filth, leaking and inadequate plumbing, roaches, flies and rodents and the constant smell of human waste, dirty and unclean beding [sic], without toilet paper", causing him to lose his appetite and giving him hypertension. Motion to Reconsider Findings and Recommendations of United States Magistrate Judge at 6. He also claimed he was unable to sleep for fear a roach might crawl up his nose, ears or mouth. Id.

The District Court was entitled to assess Mr. Ogbolu's assertions as he made them in his complaint and in his response to defendant's motion for summary judgment. Based on those assertions, unelaborated by the inspiration Mr. Ogbolu apparently received from losing before the magistrate judge, we are not persuaded that a very short stay in a drafty cell containing a shower that splashed water on the floor for lack of a shower curtain amounted to cruel and

unusual punishment within the meaning of the Eighth Amendment where, as here, the prisoner had a blanket, a bed, and food.  See, e.g., Hutto v. Finney, 437 U.S. 678, 686-87 (1978) ("A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months."); Mitchell v. Maynard, 80 F.3d 1433, 1443 (10th Cir. 1996) (lack of heat combined with lack of clothing and bedding and lack of hot water for extensive period of time presents fact issue on Eighth Amendment claim); Whitnack v. Douglas County, 16 F.3d 954, 958 (8th Cir. 1994) (patently offensive and unsanitary conditions of cell for twenty-four hours not Eighth Amendment violation).

The judgment of the district court is AFFIRMED.  The mandate shall issue forthwith.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

-4-